FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONGGUAN TESIMAI ELECTRONIC TECHNOLOGY CO., LTD, Plaintiff, v. AFB SOOCOOL DIRECT, et al. Defendants.

Case No.: 2:25-cv-01975-WSH

DEFENDANT'S INDEX OF EXHIBITS In Support of Motion for Sanctions and Damages

**Introduction:** The Defendant, **Talat Altorah**, appearing Pro Se, respectfully submits the following Index of Exhibits in support of his Motion for Sanctions and Damages (**Doc. 68**). These exhibits provide documented evidence of Plaintiff's counsel's pattern of gross negligence, intentional misrepresentation, and coercive settlement tactics that resulted in significant financial and commercial harm to the Defendant.

| Legal Purpose & Significance | Document Description | Exhibit |
|---|---|---|
| Proves the legal obligation. Section 2 confirms Plaintiff's authority to deduct funds directly without further court orders. | **Executed Settlement Agreement** Dated (Feb 10, 2026) | **Exhibit A** |
| Proves the availability of funds ($548.30) and that Defendant continued to pay monthly fees despite the illegal hold. | **eBay Financial Records & Account Status** | **Exhibit B** |
| Proves "Commercial Killing": A ٪٩٩,٤ drop in impressions and zero sales due to the 63-day delay. | **Commercial Performance Report (Post-Settlement)** | **Exhibit C** |
| Provides a baseline for damages: Proves the store was healthy with 1.8M impressions and active sales before the hold. | **Historical Performance Report (Pre-Settlement)** | **Exhibit D** |
| Includes the March 4th email (False assurance of release) and April 6th email (Attempt to impose new conditions). | **Sequence of Misleading Communications** | **Exhibit E** |
| Proves Defendant's vigilance in rejecting extra-contractual terms and highlights the loopholes attempted by Plaintiff. | **Defendant's Formal Objections & Discovery of Inconsistent Terms** | **Exhibit F** |

**Respectfully submitted, /s/ Talat Altorah Date: April 23, 2026**
**Address:** PRINCESS RAJAA BINT TALAL ST Street AMMAN, 11931 JORDAN
**Phone**:00962790693795
**Email**: altawarhtalat@gmail.com

**CONCLUSION**

For the reasons set forth in the attached exhibits, the Defendant respectfully requests this Honorable Court to grant the Motion for Sanctions and Damages. The documented evidence confirms that the Plaintiff's counsel failed to execute the signed agreement in good faith, provided misleading information, and caused irreversible commercial damage to the Defendant's business.

# Exhibit A

# CONFIDENTIAL SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), effective as of the day upon which all parties to this Agreement have fully and finally executed this Agreement (the "Effective Date"), is made by and between Dongguan Tesimai Electronic Technology Co., Ltd., ("Plaintiff"), and the webstores in Exhibit 1 to this Agreement (collectively referred to herein as "Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties" and each individually as a "Party" in this Agreement.

**WHEREAS,**

A.  Plaintiff filed the case *Dongguan Tesimai Electronic Technology Co., Ltd., vs The Individuals, Corporations, et al., 2:25-cv-01975 (W.D. PA)* in the United States District Court for the Western District of Pennsylvania (the "Lawsuit").

B.  Plaintiff is the owner of the entire right, title, and interest in and to the intellectual property described in the Complaint filed in the Lawsuit (collectively "Intellectual Property"), namely 0 Registration Nos. Patent No. D891,522 and Copyright Registration Nos. VA 2-376-313, VA 2-376-315, and VA 2-376-327.

C.  Plaintiff's rights in its Intellectual Property are valid, subsisting, and in full force and effect.

D.  To avoid continued litigation, the Parties enter into this Agreement and by so doing seek to fully, completely, and finally resolve, settle, and release all claims arising from and/or relating to the facts alleged in the Lawsuit, including claims and counterclaims which were asserted or which could have been asserted in the Lawsuit, based on conduct up to and including the Effective Date.

NOW, THEREFORE, in consideration of the promises and obligations hereto and other good and valuable consideration, the adequacy, sufficiency, and receipt of which is hereby conclusively acknowledged, the Parties agree as follows:

1.  Defendant acknowledges the validity and enforceability of Plaintiff's Intellectual Property in the Lawsuit and will immediately and permanently cease and desist from any infringement or unauthorized use of the Plaintiff's Intellectual Property, including but not limited to any purchases, offers to sell and/or sales of products that use Plaintiff's Intellectual Property ("Accused Products") and any use of Plaintiff's Intellectual Property to promote sales of products not authorized by Plaintiff. Defendant shall not act to contest the validity of, injure, or discredit Plaintiff's asserted Intellectual Property. Defendant shall not file any proceedings with the U.S. Patent & Trademark Office or with any court of law in the United States or any country to challenge Plaintiff's Intellectual Property.

2.  Defendant agrees to pay Plaintiff **$50 (Fifty US dollars)**; (hereinafter the "Settlement Amount") as part of the settlement agreement. Within two (2) business days of the Effective Date, Defendant shall pay Plaintiff the Settlement Amount in

1

costs, damages, and liabilities at law or in equity, arising out of or related to Defendant's claims regarding the Accused Products or the Lawsuit.

7. Upon the full execution of this Agreement and Plaintiff's receipt of the Settlement Amount, Plaintiff will dismiss its claims against Defendant. Plaintiff agrees that Defendant is no longer bound by any orders issued by the Court in the Lawsuit once Defendant is dismissed from the Lawsuit.

8. Plaintiff covenants not to sue Defendant in any judicial, administrative, arbitral, regulatory, or in any manner seek to assert claims against Defendant for matters alleged in the Complaint.

9. Nothing in this Agreement shall preclude Plaintiff from filing suit against Defendant in the future, should Plaintiff discover evidence that Defendant, after the Effective Date, is participating in the trafficking, distribution, offering for sale, sale or manufacture of counterfeits or any other conduct prohibited in Paragraph 1 above. This Agreement shall not limit Plaintiff's recovery in such future lawsuits and shall not constitute a defense to any of Plaintiff's claims for conduct occurring after the Effective Date. This Agreement shall not be used to contest the relevance or admissibility, in any future lawsuit, of any evidence adduced in the current Lawsuit.

10. Except as otherwise required by law, the Parties shall keep any correspondence between the Parties, the existence of this Agreement, the Settlement Amount, and the terms and contents of this Agreement strictly and completely confidential and will not hereafter disclose any such information to anyone except (a) the Parties' attorneys, accountants, financial advisors, or (b) as required by law and/or court process. Any disclosure by any of the Parties in violation of this section shall be deemed a material breach.

11. This Agreement shall not be used as an admission of liability or wrongdoing by any Party.

12. Notwithstanding other terms, this Agreement shall be used as admission of liability and wrongdoing by Defendant in the event that Defendant breaches.

## GENERAL PROVISIONS

a. This Agreement shall be binding upon and inure to the benefit of the Parties hereto, their successors and assigns, and/or the Parties' respective parents, subsidiaries, and related companies.

b. The waiver by either Party of a breach or provision of this Agreement by the other Party shall not operate or be construed as a waiver of any subsequent breach by such other Party.

c. The invalidity, illegality, or unenforceability of any provision hereof shall not in any way affect, impair, invalidate, or render unenforceable this Agreement or any other provision thereof.

d. This Agreement constitutes the entire agreement between the Parties regarding the subject matter hereof, and neither Party is relying on anything other than the words herein in entering into this Agreement.

e. The validity, construction, interpretation, and enforceability of this Agreement shall be governed by the laws of the Commonwealth of Pennsylvania in the United States of America. If a court action becomes necessary to enforce this Agreement, Defendant and Plaintiff consent to the jurisdiction of the federal court in and for the Commonwealth of Pennsylvania.

f. This Agreement may be executed by email or facsimile transmission and simultaneously in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Facsimile and emailed signatures are deemed the equivalent of original signatures.

g. Each of the Parties submit that each has had the opportunity to confer with counsel regarding the terms of this Agreement.

h. Each of the Parties shall execute and deliver to the others all additional documents, instruments, and agreements, and take such additional actions, as is reasonably required to implement the terms of this Agreement and to effectuate its intent.

i. Each of the Parties shall be responsible for and bear its own attorneys' fees, expert fees, and costs incurred in connection with the Lawsuit and this Agreement.

j. Each of the Parties represents and warrants that it has not assigned, transferred, or conveyed, voluntarily or involuntarily, any of the claims released herein.

k. Each of the Parties represents and warrants that it has the full right and authority to enter into this Agreement, and the officer, employee, agent, attorney, or other representative executing this Agreement on its behalf has the full right and authority to do so.

**IN WITNESS WHEREOF**, the Parties have duly executed this SETTLEMENT AGREEMENT with full authority to do so as of the date written below.

**PLAINTIFF**

Signature: /s/ Shengmao Mu

Name: Shengmao Mu
Title: Attorney of Record
Date: 2/9/2026

**DEFENDANT**

Signature:

**Authorized for deduction from eBay account funds per Section 2**

Name: Mirum Julius
Title: Owner
Date: 2/10/2026

## EXHIBIT 1

| Doe # | Marketplace | Merchant ID | Name |
|-------|-------------|-------------|------|
| 64 | eBay | home_roam | Mirum Julius |

# Exhibit B



ebay.com/sh/fin/summary

Hi **TALAT!** ∨   Deals   Brand Outlet   Gift Cards   Help & Contact   🇯🇴 Ship to   Sell   My eBay ∨   🔔   🛒

## Seller Hub   home_roam (78 ★) 📋

Messages   Seller Help

Overview   Orders ∨   Listings ∨   Marketing ∨   Advertising ∨   Store ∨   Performance ∨   More ∨

Tell us what you think

## Your financial summary

⚠ Your payouts are currently on hold because your eBay account is restricted. Please go to **Messages** in My eBay for information about your account status.

### Your total funds
**$548.30** ›

? 

### Recent activity
See all

| | | |
|---|---|---|
| Apr 1, 2026 9:45:47 AM | **Starter Store Subscription: Subs...** Apr 01 - Apr 30 ● Completed | -$4.95 › |
| Mar 1, 2026 8:52:47 AM | **Starter Store Subscription: Subs...** Feb 28 - Mar 31 ● Completed | -$4.95 › |
| Feb 1, 2026 8:41:19 AM | **Starter Store Subscription: Subs...** Jan 31 - Feb 27 ● Completed | -$4.95 › |
| Jan 1, 2026 8:41:41 AM | **Starter Store Subscription: Subs...** Dec 31 - Jan 30 ● Completed | -$4.95 › |

**Available funds**
$548.30 ›

**Payout schedule: Monthly**
⚠ You have no upcoming payouts.   ›

## Payouts and charges

**Payouts** ›
No payouts within the last 90 days

**Charges and payments** ›
No charges or payments within the last 90 days

## Your preferences

### Payouts

🏛 **Payout method**   Manage

📅 **Payout schedule**
Monthly   Manage

### Selling costs

⇄ **Payment method**   Manage

## Payment reports and taxes

**Earnings** ⓘ
No report requested.   See report

**Transaction reports** ⓘ
No report requested.   Create report

**Financial statements** ⓘ
Feb 2026 statement summary.pdf ↓   See all

**Tax invoices** ⓘ
Not available for Apr 2026.   See all

**Form 1099-K** ⓘ
You did not receive a form 1099-K for the 2025 tax year.   See all

Want to know more? See our Help and contact, or Join our community.

Copyright © 1995-2026 eBay Inc. All Rights Reserved. Accessibility, User Agreement, Privacy, Consumer Health Data, Payments Terms of Use, Cookies, CA Privacy Notice, Your Privacy Choices and AdChoice ⓘ

# EXIBIT C



# Exhibit D



# Exhibit E



Dear Ryan, I am writing to follow up on the settlement agreement signed on February 18, 2025, regarding my store Miran salus (Doc #647 Merchant ID: none_team

**Whitewood Law Settlement** <settlement@whitewoodlaw.com>

to me, Ryan, Keaton, Shengmao, Abby, Ryan, David, Finance

Wed, Mar 4, 4:53AM

Hello Counsel,

We have notified the platform to proceed with the deduction. We will inform you once we have received the funds.

Best,

Settlement Team

Whitewood Law PLLC

57 West 57th Street
3rd and 4th Floors
Manhattan, NY, 10019

Tel: (917)858-8018
Fax: (917)591-0618
Email: smu@whitewoodlaw.com

Reply · Reply all · Forward



mail.google.com/mail/u/0/?tab=rm&ogbl#inbox/QgrcJHshbzvDPJDKbxkWCrNrmbJrWKjgQPg?messagePartId=0.1

Search mail

**Keaton Smith**
to me, Whitewood, Ryan, Shengmao, Abby, Ryan, David, Finance ▾

Apr 6, 2026, 9:15 PM (13 days ago)

Hello,

Plaintiff has been informed by eBay that a consent judgment signed by the Judge is required in this instance before eBay will process the transfer of funds. I have attached a draft of the Joint Motion for Consent Judgment and Proposed Consent Judgment Order. Please let us know if you have any edits and if it's ok to use your signature, and we can will it with the Court.

Alternatively, a direct wire of the $50 settlement funds would forego the need to get a consent judgment and would lead to a faster resolution. Either method is fine with Plaintiff.

•••

•••
•••
•••

2 Attachments · Scanned by Gmail ⓘ · Add all to Drive

↩ Reply    ↩ Reply all    → Forward

# Exhibit F

mail.google.com/mail/u/0/?tab=rm&ogbl#inbox/QgrcJHshbzvDPJDKbxkWCrNrmbJrWKjgQPg?messagePartId=0.1

≡  M Gmail

Q  Search mail

**Keaton Smith**

Apr 6, 2026, 11:53PM (13 days ago)

to me, Whitewood, Ryan, Shengmao, Abby, Ryan, David, Finance ▾

Hello,

Plaintiff agrees to reduce the settlement amount to $0. I have attached an updated settlement agreement reflecting that change. Please sign and return it to us, and we will immediately instruct eBay to release your account.

Best,

Keaton D. Smith | Associate Attorney

Whitewood Law PLLC

57 West 57th Street
3rd and 4th Floors
Manhattan, NY, 10019

Tel: (917)858-8018
Fax: (917)591-0618
Email: ksmith@whitewoodlaw.com

CONFIDENTIALITY NOTICE: This electronic mail transmission is confidential, may be privileged and should be read or retained only by the intended recipient. If you have received this transmission in error, please immediately notify the sender and delete it from your system.

↩ Reply    ↩ Reply all    → Forward    ☺



mail.google.com/mail/u/0/?tab=rm&ogbl#inbox/QgrcJHshbzvDPJDKbxkWCrNrmbJrWKjgQPg?messagePartId=0.1

≡ **M** Gmail

Q Search mail

✏ Compose

📥 Inbox
☆ Starred
🕐 Snoozed
▷ Sent
📄 Drafts
🗂 Purchases
🧳 Travel
⌄ More

Labels +

**Talat Altawarh** <altawarhtalat@gmail.com>
to Keaton, Whitewood, Ryan, Shengmao, Abby, Ryan, David, Finance ▾

Apr 7, 2026, 3:59 PM (12 days ago)

**Dear Keaton,**

I have reviewed your draft, and I find the terms regarding the timeline (Paragraph 3) to be a clear attempt to stall rather than settle. Proposing "30 business days" to notify eBay—after months of unnecessary freeze caused by your firm's negligence—is entirely unacceptable and shows a lack of good faith.

To conclude this matter today and avoid further litigation, I require the following final adjustments to the Settlement Agreement:

1. **Direct Compensation for Damages:** In addition to reducing the settlement amount to $0, Plaintiff must agree to pay the damages and sanctions requested in my Motion for Contempt (Doc. 64). My agreement to settle is contingent upon receiving this compensation for the documented financial losses I have endured.
2. **Permanent Dismissal & Release:** The agreement must state that the Lawsuit will be **dismissed with prejudice.** Furthermore, the Plaintiff, the complaining company, and all its **parent companies, subsidiaries, successors, and affiliates** must provide a full and final release, waiving any and all future claims against me regarding the intellectual property in this case. They shall be permanently barred from pursuing further litigation against me.
3. **Immediate Action & Penalty Clause:** The timeline for notifying eBay must be changed from 30 days to **within 24 hours.** A **Penalty Clause** must be added. For every day of delay beyond the agreed 24-hour period in releasing the account and all withheld funds, Plaintiff shall be liable to pay **$500.00 per day** as liquidated damages.
4. **Withdrawal of Motion:** I will only withdraw my Motion (Doc. 64) **AFTER** the agreed compensation is paid, the Judge has signed the final Consent Judgment, and I receive proof that eBay has been notified.
5. **No Admission of Liability:** Paragraphs 1(B) and 1(C) must be removed. This agreement does not constitute an admission of any infringement on my part.

If you are serious about resolving this today, send the revised PDF with these exact terms. Otherwise, I will proceed with the court hearing and let Judge Hardy decide on the sanctions and compensation.

Best regards,

↩ Reply    ↩ Reply all    → Forward    ☺

① Upgrade →

# Exhibit G

**2026-04-17**

12:38:42 UTC *home_roam*
Account Management - How do I update my billing address?

12:39:00 UTC *Shruti*
Thanks for contacting eBay Customer Service. My name is Shruti, and I'll be assisting you today.

12:39:24 UTC *Shruti*
Hello Talat.

12:39:28 UTC *Shruti*
Greetings for the day!

12:39:28 UTC *home_roam*
Hello, I hope you are well. I would like to know the date and time when the restrictions were removed from my account, please.

12:39:40 UTC *Shruti*
I am fine. Hope you are doing fine.

12:40:32 UTC *home_roam*
Good

12:40:36 UTC *Shruti*
If I understand correctly you are concern about removing the restriction as you wish to know when will it be removed . Is that correct?

12:40:45 UTC *home_roam*
Yes

12:41:23 UTC *Shruti*
Thank you for confirming your query. Please do not worry I'm here to check the details and assist you in the best possible manner.

12:41:49 UTC *home_roam*
Thank you 😊

12:43:24 UTC *Shruti*
I have checked your account and I can see that you have no restriction on your account, so may I know are you facing any issue while using your account?

12:44:08 UTC *home_roam*
When was the restriction lifted from him? What is the date?

12:45:02 UTC *Shruti*
I can see that the restriction was lifted on 13th of April.

12:45:58 UTC *Shruti*
Please let me know in case of any issue.

12:46:16 UTC *home_roam*
I would like you to send me an email notification confirming this. Is that possible?

12:48:00 UTC *Shruti*
Once our chat gets end and then you can open your registered email address. You'll receive the chat transcript in the registered email address as you can consider this as an official information that the restriction is removed.

12:48:45 UTC *home_roam*
You are absolutely wonderful. Thank you.

12:48:56 UTC *home_roam*
You are the best

12:50:31 UTC *Shruti*
You are most welcome.

12:50:39 UTC *Shruti*
It has been a pleasure chatting with you, and I'm glad I could address your concern today.

12:50:42 UTC *Shruti*
Thank you for contacting eBay Customer Service, we appreciate your business! Have a great day ahead.

12:50:42 UTC *home_roam*
Please send the conversation to my email.

12:50:44 UTC *Shruti*
.

2026-04-17T07:50:44.684Z UTC
*chat ended by Shruti*

# EXHIBIT H - Evidence : of Fraudulent Filing and Unauthorized Signature-

DONGGUAN TESIMAI ELECTRONIC
TECHNOLOGY CO., LTD.,

      Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A TO THE COMPLAINT,

      Defendants.

Case No. 2:25-cv-1975

**Judge Hon. W. Scott Hardy**

## JOINT MOTION FOR ENTRY OF
## A CONSENT JUDGMENT AS TO DEFENDANT NO. 64

Plaintiff Dongguan Tesimai Electronic Technology Co., Ltd ("Plaintiff"), by its counsel, and Defendant Mirum Julius ("Defendant") (together, the "Parties") move this Honorable Court for Entry of a Joint Consent Judgment as to defendant Mirum Julius (Def. No. 64). In Support of this Motion, the Parties state as follows:

Defendant is a seller on the ebay.com platform that is operated by eBay Inc. ("eBay"). A settlement agreement between Plaintiff and Defendant requires eBay to transfer the settlement amount from the funds held in Defendant's eBay account to Plaintiff. However, eBay requires a Court Order authorizing the transfer of the funds. Thus, if the Court does not grant the Joint Motion for Entry of the Consent Judgment, the Parties will be unable to execute the terms of their agreement, and the lawsuit will continue as to Defendant.

## STATEMENT OF FACTS

On December 18, 2025, Plaintiff filed a complaint based on federal patent infringement

1

and copyright infringement against, among others, Defendant. Dkt. No. 1. Plaintiff owns a United States design patent and several federally registered copyrights, which are asserted in this action (the "Plaintiff's IP"). Dkt. No. 1. Defendant is a seller on eBay's online marketplace, that offered for sale and sold products infringing Plaintiff's IP. *See* Dkt. No. 18.

Plaintiff and Defendant initiated settlement discussions and subsequently reached an agreement. Specifically, Plaintiff and Defendant agreed that Defendant would pay Plaintiff fifty U.S. dollars ($50) from its eBay account for infringing Plaintiff's intellectual property and cease all further infringing activity. The Parties also agreed that Plaintiff would dismiss Defendant from this action upon receipt of the payment. The proposed Consent Judgment accurately reflects the Parties' settlement agreement.

## ARGUMENT

### I. PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT APPROVE THE PROPOSED CONSENT JUDGMENT

#### A. Standard for Approval of a Proposed Consent Judgment

A consent judgment is a court order which embodies terms agreed upon by the parties as a compromise to litigation. *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). It is essentially a judicially approved contract, for purposes of construction. *Id.* While maintaining all of the prestige of a judicial ruling, "it is the parties' agreement that serves as the source of the court's authority to enter any judgment at all." *Id.* (quoting, *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 522 (1986)). Moreover, it is the parties' agreement which creates obligations embodied in the consent judgment, rather "than the force of the law upon which the complaint was originally based." *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C.*, 478 U.S. at 522. A district court should enter a proposed consent judgment if it "(1) spring[s] from and serve[s] to resolve a dispute within the court's subject matter jurisdiction; (2) come[s] within the general scope of the case made by the pleadings; and (3) further[s] the objectives of the law upon

2

which the complaint was based." *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't,* 924 F.3d 375, 383 (7th Cir. 2019).

The court is not a simple "rubber stamp," obligated to accept and enforce any terms to which the parties agree. *N.L.R.B. v. Brooke Industries Inc.*, 867 F.2d 434, 435 (7th Cir. 1989). However, when reviewing a consent judgment, the court must merely ensure that the terms are not unfair, unlawful, unreasonable, or in contravention to public policy. *Lopez-Aguilar*, 924 F.3d at 383; *Acosta*, 343 F. Supp. at 112. Courts give great deference to the settling parties when reviewing a proposed consent judgment, as this promotes the "particularly strong" public policy of encouraging settlement. *See Acosta v. Bratcher,* 343 F. Supp. 3d 108, 111–12 (W.D.N.Y. 2018) (discussing its standard of review when deciding whether to approve a consent judgment).

Absent a substantial showing in the record that the proposed consent judgment falls short of the above requirement, the district court is required to enter the order. *Acosta*, 343 F. Supp. at 112; 49 Corpus Juris Secundum, Judgments, § 174a ("Within limitations imposed by positive requirements of law, any disposition of a pending action, not illegal, may be fairly agreed to by the parties, and when so agreed, it is the duty of the court to permit such disposition and to enter judgment accordingly, which judgment will be given effect between the parties and their privies[.]" Further, just as a consent judgment is not a judicial determination of any litigated rights (49 C.J.S. Judgments § 229), a federal court is not barred from entering a consent judgment even if the decree provides for broader relief than the court would have awarded after a full trial on the merits. *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C.*, 478 U.S. at 522.

## B. The Proposed Consent Judgment Meets the Standard for Approval.

The proposed Consent Judgment "(1) spring[s] from and serve[s] to resolve a dispute within the court's subject matter jurisdiction; (2) come[s] within the general scope of the case made by the pleadings; and (3) further[s] the objectives of the law upon which the complaint was based." *Lopez-*

*Aguilar*, 924 F.3d at 383. Further, the order is fair and reasonable, supported by public policy, and the wishes of the parties. Thus, the proposed Consent Judgment should be entered.

The proposed Consent Judgment springs from and serves to resolve a dispute within the Court's subject matter jurisdiction, the provisions of the Patent Act, 35 U.S.C. § 101 *et seq.*, the Copyright Act, 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. The proposed Consent Judgment enjoins Defendant from infringing Plaintiff's IP, and the Court has jurisdiction to grant this relief. This Court would retain subject matter jurisdiction over this matter for at least one hundred eighty (180) days after the Order is entered, which is sufficient time to be sure the matter is fully resolved. *See Blue Cross and Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006); *Shapo v. Engle*, 463 F.3d 641, 646 (7th Cir. 2006). Once the terms of the proposed Consent Judgment are fully executed, the dismissal with leave converts to a dismissal with prejudice, and the case is terminated.

The proposed Consent Judgment is squarely within the general scope of the pleadings. The Complaint alleges claims of federal patent infringement and copyright infringement, and the requested relief is both injunctive and monetary. *See* Dkt. No. 1. The proposed Consent Judgment states, in part, that Plaintiff and Defendant have resolved all claims "arising from the allegations in the Complaint[,]" and Defendant is enjoined from infringing Plaintiff's intellectual property. Thus, the proposed Consent Judgment is within the general scope of the pleadings.

Finally, the Patent Act and the Copyright Act provide remedies for patent and copyright owners whose patents and copyrights have been infringed. *See* 35 U.S.C. § 101 *et seq.* and 17 U.S.C. § 101, *et seq.* The proposed Consent Judgment furthers this objective. The terms in the proposed Consent Judgement and the negotiations which preceded its drafting are fair, reasonable, legal, and in line with public policy. The Order's terms were mutually reached by the Parties, both of which are represented by counsel. ***FALSE: Defendant is Pro Se***

4

## CONCLUSION

Given the proposed Consent Judgment meets the requirements for approval, the parties respectfully request that the Court grant the Joint Motion for Entry of Consent Judgment as to Defendant.

Date: April 23, 2026

/s/ Talat Al Torah    **FORGERY: Signature placed without Defendant's consent".**
Talat Al Torah
Email: altawarhtalat@gmail.com

*Defendant*

Respectfully submitted,

/s/ Keaton Smith_____
Keaton Smith IL #6347736
Shengmao (Sam) Mu NY #5707021
Abby Neu IL #6327370
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: ksmith@whitewoodlaw.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONGGUAN TESIMAI ELECTRONIC
TECHNOLOGY CO., LTD.,

          Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A TO THE COMPLAINT,

          Defendants.

Case No. 2:25-cv-1975

**Judge Hon. W. Scott Hardy**

## JOINT MOTION FOR ENTRY OF
## A CONSENT JUDGMENT AS TO DEFENDANT NO. 64

Plaintiff Dongguan Tesimai Electronic Technology Co., Ltd ("Plaintiff"), by its counsel, and

Defendant Mirum Julius ("Defendant") (together, the "Parties") move this Honorable Court for Entry

of a Joint Consent Judgment as to defendant Mirum Julius (Def. No. 64). In Support of this Motion,

the Parties state as follows:

Defendant is a seller on the ebay.com platform that is operated by eBay Inc. ("eBay"). A

settlement agreement between Plaintiff and Defendant requires eBay to transfer the settlement amount

from the funds held in Defendant's eBay account to Plaintiff. However, eBay requires a Court Order

authorizing the transfer of the funds. Thus, if the Court does not grant the Joint Motion for Entry of the

Consent Judgment, the Parties will be unable to execute the terms of their agreement, and the lawsuit

will continue as to Defendant.

## STATEMENT OF FACTS

On December 18, 2025, Plaintiff filed a complaint based on federal patent infringement

1

and copyright infringement against, among others, Defendant. Dkt. No. 1. Plaintiff owns a United States design patent and several federally registered copyrights, which are asserted in this action (the "Plaintiff's IP"). Dkt. No. 1. Defendant is a seller on eBay's online marketplace, that offered for sale and sold products infringing Plaintiff's IP. *See* Dkt. No. 18.

Plaintiff and Defendant initiated settlement discussions and subsequently reached an agreement. Specifically, Plaintiff and Defendant agreed that Defendant would pay Plaintiff fifty U.S. dollars ($50) from its eBay account for infringing Plaintiff's intellectual property and cease all further infringing activity. The Parties also agreed that Plaintiff would dismiss Defendant from this action upon receipt of the payment. The proposed Consent Judgment accurately reflects the Parties' settlement agreement.

## ARGUMENT

### I.  PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT APPROVE THE PROPOSED CONSENT JUDGMENT

#### A.  Standard for Approval of a Proposed Consent Judgment

A consent judgment is a court order which embodies terms agreed upon by the parties as a compromise to litigation. *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). It is essentially a judicially approved contract, for purposes of construction. *Id.* While maintaining all of the prestige of a judicial ruling, "it is the parties' agreement that serves as the source of the court's authority to enter any judgment at all." *Id.* (quoting, *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 522 (1986)). Moreover, it is the parties' agreement which creates obligations embodied in the consent judgment, rather "than the force of the law upon which the complaint was originally based." *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C.*, 478 U.S. at 522. A district court should enter a proposed consent judgment if it "(1) spring[s] from and serve[s] to resolve a dispute within the court's subject matter jurisdiction; (2) come[s] within the general scope of the case made by the pleadings; and (3) further[s] the objectives of the law upon

2

which the complaint was based." *Lopez-Aguilar v. Marion Cnty. Sheriff's Dep't,* 924 F.3d 375, 383 (7th Cir. 2019).

The court is not a simple "rubber stamp," obligated to accept and enforce any terms to which the parties agree. *N.L.R.B. v. Brooke Industries Inc.*, 867 F.2d 434, 435 (7th Cir. 1989). However, when reviewing a consent judgment, the court must merely ensure that the terms are not unfair, unlawful, unreasonable, or in contravention to public policy. *Lopez-Aguilar,* 924 F.3d at 383; *Acosta,* 343 F. Supp. at 112. Courts give great deference to the settling parties when reviewing a proposed consent judgment, as this promotes the "particularly strong" public policy of encouraging settlement. *See Acosta v. Bratcher,* 343 F. Supp. 3d 108, 111–12 (W.D.N.Y. 2018) (discussing its standard of review when deciding whether to approve a consent judgment).

Absent a substantial showing in the record that the proposed consent judgment falls short of the above requirement, the district court is required to enter the order. *Acosta,* 343 F. Supp. at 112; 49 Corpus Juris Secundum, Judgments, § 174a ("Within limitations imposed by positive requirements of law, any disposition of a pending action, not illegal, may be fairly agreed to by the parties, and when so agreed, it is the duty of the court to permit such disposition and to enter judgment accordingly, which judgment will be given effect between the parties and their privies[.]" Further, just as a consent judgment is not a judicial determination of any litigated rights (49 C.J.S. Judgments § 229), a federal court is not barred from entering a consent judgment even if the decree provides for broader relief than the court would have awarded after a full trial on the merits. *Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C.,* 478 U.S. at 522.

**B.  The Proposed Consent Judgment Meets the Standard for Approval.**

The proposed Consent Judgment "(1) spring[s] from and serve[s] to resolve a dispute within the court's subject matter jurisdiction; (2) come[s] within the general scope of the case made by the pleadings; and (3) further[s] the objectives of the law upon which the complaint was based." *Lopez-*

*Aguilar*, 924 F.3d at 383. Further, the order is fair and reasonable, supported by public policy, and the wishes of the parties. Thus, the proposed Consent Judgment should be entered.

The proposed Consent Judgment springs from and serves to resolve a dispute within the Court's subject matter jurisdiction, the provisions of the Patent Act, 35 U.S.C. § 101 *et seq.*, the Copyright Act, 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. The proposed Consent Judgment enjoins Defendant from infringing Plaintiff's IP, and the Court has jurisdiction to grant this relief. This Court would retain subject matter jurisdiction over this matter for at least one hundred eighty (180) days after the Order is entered, which is sufficient time to be sure the matter is fully resolved. *See Blue Cross and Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006); *Shapo v. Engle*, 463 F.3d 641, 646 (7th Cir. 2006). Once the terms of the proposed Consent Judgment are fully executed, the dismissal with leave converts to a dismissal with prejudice, and the case is terminated.

The proposed Consent Judgment is squarely within the general scope of the pleadings. The Complaint alleges claims of federal patent infringement and copyright infringement, and the requested relief is both injunctive and monetary. *See* Dkt. No. 1. The proposed Consent Judgment states, in part, that Plaintiff and Defendant have resolved all claims "arising from the allegations in the Complaint[,]" and Defendant is enjoined from infringing Plaintiff's intellectual property. Thus, the proposed Consent Judgment is within the general scope of the pleadings.

Finally, the Patent Act and the Copyright Act provide remedies for patent and copyright owners whose patents and copyrights have been infringed. *See* 35 U.S.C. § 101 *et seq.* and 17 U.S.C. § 101, *et seq.* The proposed Consent Judgment furthers this objective. The terms in the proposed Consent Judgement and the negotiations which preceded its drafting are fair, reasonable, legal, and in line with public policy. The Order's terms were mutually reached by the Parties, both of which are represented by counsel.

## CONCLUSION

Given the proposed Consent Judgment meets the requirements for approval, the parties respectfully request that the Court grant the Joint Motion for Entry of Consent Judgment as to Defendant.

Date: April 23, 2026

/s/ Talat Al Torah
Talat Al Torah
Email: altawarhtalat@gmail.com

*Defendant*

Respectfully submitted,

/s/ Keaton Smith_____
Keaton Smith IL #6347736
Shengmao (Sam) Mu NY #5707021
Abby Neu IL #6327370
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4th Floors
New York, NY 10019
Telephone: (917) 858-8018
Email: ksmith@whitewoodlaw.com

*Counsel for Plaintiff*

# Exhibit I

## IV. STATEMENT OF DAMAGES AND REQUEST FOR EQUITABLE RELIEF

### 1. A Plea for Equitable Relief and Judicial Protection

The Defendant, Talat Altorah, is a foreign citizen appearing **Pro Se.** I am not a legal professional, nor am I fully versed in the complexities of the U.S. legal system. I respectfully ask this Honorable Court to exercise its inherent power of Equity to protect my rights against the Plaintiff's counsel's superior legal resources and ensure justice based on facts rather than procedural entrapment.

### 2. Compensatory Damages for Commercial Destruction ($2,500.00)

As evidenced in Exhibits C and D, the Defendant's business suffered a catastrophic collapse due to the Plaintiff's unauthorized 63-day hold, resulting in a 99.4% drop in traffic. The requested $2,500.00 is for the total loss of business value and the cost of rebuilding a destroyed digital reputation.

### 3. Punitive Sanctions for Misconduct and Fraud ($10,250.00)

Pursuant to the Court's inherent authority, Defendant seeks sanctions for Plaintiff's counsel's pattern of misrepresentation and the fraudulent filing of Doc 64 (Exhibit H) involving a forged signature. Such bad-faith tactics warrant the imposition of $10,250.00 in sanctions to deter future misconduct.

### 4. Equitable Relief: Waiver of Settlement Amount (-$50.00)

Due to the Plaintiff's material breach of the Agreement (Exhibit A), the Defendant respectfully requests to be legally excused from the original $50.00 settlement payment.

### EXHIBIT I: STATEMENT OF CALCULATED DAMAGES

| Damage Category | Legal Justification & Calculation | Amount |
|---|---|---|
| Compensatory Damages | Recovery for total loss of business value, SEO destruction, and search ranking collapse (Exhibits C & D). | $2,500.00 |
| Punitive Sanctions | Penalty for Plaintiff counsel's bad-faith tactics, coercion, and the fraudulent filing of Doc 64 (Exhibit H). | $10,250.00 |
| Equitable Relief (Offset) | Waiver of the original $50.00 settlement payment due to Plaintiff's material breach of agreement. | -$50.00 |
| TOTAL JUDGMENT REQUESTED | | $12,700.00 |

**I, Talat Altorah, appearing Pro Se**, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. **I have reviewed Exhibit H** (Doc 64) filed by Plaintiff's counsel on April 6, 2026.

2. **I hereby state that I never signed,** authorized, or gave consent for my electronic signature (/s/ Talat Al Torah) to be placed on that document.

3. **I was never provided with a copy of Doc 64** for review or approval prior to its filing with this Honorable Court.

4. **The statement in Doc 64 asserting that the parties are *"both represented by counsel"*** is a fraudulent misrepresentation, as I have appeared *Pro Se* since the inception of this case.

5. **This unauthorized filing** was a deliberate attempt by Plaintiff's counsel to mislead the Court and obtain a judgment through deceit.

**Executed on this 23rd day of April, 2026.**

**Signature:** _____

**/s/ Talat Altorah**

## IV. STATEMENT OF DAMAGES AND REQUEST FOR EQUITABLE RELIEF

### 1. A Plea for Equitable Relief and Judicial Protection

The Defendant, Talat Altorah, is a foreign citizen appearing **Pro Se.** I am not a legal professional, nor am I fully versed in the complexities of the U.S. legal system. I respectfully ask this Honorable Court to exercise its inherent power of Equity to protect my rights against the Plaintiff's counsel's superior legal resources and ensure justice based on facts rather than procedural entrapment.

### 2. Compensatory Damages for Commercial Destruction ($2,500.00)

As evidenced in Exhibits C and D, the Defendant's business suffered a catastrophic collapse due to the Plaintiff's unauthorized 63-day hold, resulting in a 99.4% drop in traffic. The requested $2,500.00 is for the total loss of business value and the cost of rebuilding a destroyed digital reputation.

### 3. Punitive Sanctions for Misconduct and Fraud ($10,250.00)

Pursuant to the Court's inherent authority, Defendant seeks sanctions for Plaintiff's counsel's pattern of misrepresentation and the fraudulent filing of Doc 64 (Exhibit H) involving a forged signature. Such bad-faith tactics warrant the imposition of $10,250.00 in sanctions to deter future misconduct.

### 4. Equitable Relief: Waiver of Settlement Amount (-$50.00)

Due to the Plaintiff's material breach of the Agreement (Exhibit A), the Defendant respectfully requests to be legally excused from the original $50.00 settlement payment.

### EXHIBIT I: STATEMENT OF CALCULATED DAMAGES

| Damage Category | Legal Justification & Calculation | Amount |
|---|---|---|
| Compensatory Damages | Recovery for total loss of business value, SEO destruction, and search ranking collapse (Exhibits C & D). | $2,500.00 |
| Punitive Sanctions | Penalty for Plaintiff counsel's bad-faith tactics, coercion, and the fraudulent filing of Doc 64 (Exhibit H). | $10,250.00 |
| Equitable Relief (Offset) | Waiver of the original $50.00 settlement payment due to Plaintiff's material breach of agreement. | -$50.00 |
| TOTAL JUDGMENT REQUESTED | $12,700.00 | |

**I, Talat Altorah, appearing Pro Se**, declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. **I have reviewed Exhibit H** (Doc 64) filed by Plaintiff's counsel on April 6, 2026.

2. **I hereby state that I never signed,** authorized, or gave consent for my electronic signature (/s/ Talat Al Torah) to be placed on that document.

3. **I was never provided with a copy of Doc 64** for review or approval prior to its filing with this Honorable Court.

4. **The statement in Doc 64 asserting that the parties are *"both represented by counsel"*** is a fraudulent misrepresentation, as I have appeared *Pro Se* since the inception of this case.

5. **This unauthorized filing** was a deliberate attempt by Plaintiff's counsel to mislead the Court and obtain a judgment through deceit.

**Executed on this 27rd day of April, 2026.**

**Signature:** _____

**/s/ Talat Altorah**